IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMANDA LA JOIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:_____ |
| ) | |
| DAVID TURCH, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, Amanda La Joie ("Plaintiff" or "Mrs. La Joie"), by and through her undersigned counsel, and for her Complaint against David Turch ("Defendant" or "Turch"), states as follows:

### Introduction

1. Plaintiff brings this action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and under District of Columbia Minimum Wage Act, D.C. Code §32-1001, et seq. (the "DCMWA"). Defendant, through his sole proprietor lobbying business known as David Turch and Associates ("DTA" or the "Company"), employed Plaintiff as his personal assistant in May of 2016. Plaintiff regularly worked between fifty (50) and sixty (60) hours per week but was never paid overtime.

2. Plaintiff seeks unpaid wages, liquidated damages, costs, interest and attorneys' fees.

### Parties

3. Plaintiff is an adult resident of the District of Columbia.

4.     Turch is an adult resident of the Commonwealth of Virginia. Upon information and belief, Turch has operated as DTA in the District of Columbia since 1987.

## Jurisdiction and Venue

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.     This court also has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

7.     Turch is subject to the personal jurisdiction of this Court and venue is proper in this Court because Turch owns and operates a business within the District of Columbia and, as such, was subject to the District of Columbia's wage and payment laws like the DCMWA.

## Factual Background

8.     Defendant's sole proprietorship, DTA, does business via telephone lines and the internet; has clients throughout the country; and frequently requires employees to travel to other states. Thus, DTA is an enterprise engaged in interstate commerce as defined by the FLSA.

9.     Upon information and belief, Defendant conducts business with gross revenues over $500,000.00 annually.

10.    Upon Mrs. La Joie's graduation from George Mason University in May of 2016, Defendant hired her serve as his assistant.

11.    While DTA employees did not have written job descriptions, Plaintiff's job duties included answering telephones, calendaring events and making reservations for Defendant, taking notes while Defendant met with DTA clients, and monitoring DTA's website and social media.

12. Plaintiff's job also included frequent travel to support Turch including several cross-country trips to California. Plaintiff also attended client lunches and dinners with Defendant.

13. Mrs. La Joie's job did not require the exercise of discretion or independent judgment.

14. Despite the fact that Plaintiff routinely worked an average of between fifty (50) and sixty (60) hours per week, Defendant never paid her overtime.

15. Defendant's agent and employee, Marilyn Campbell ("Ms. Campbell"), has provided sworn testimony that DTA "[does not] pay overtime" and considers each and every DTA employee to be exempt irrespective of their job duties and responsibilities because employees are salaried.

16. Similarly, Defendant has provided sworn testimony that "[DTA does not] really have [job] titles in the firm." DTA does not provide job descriptions or job titles for its employees and the purview of employees' jobs is determined by Defendant exclusively.

17. In 2016, Plaintiff made a gross salary of $20,243.15. Plaintiff's overtime rate for 2016 is $21.69.

18. In 2017, a year in which Plaintiff's job duties remained the same, Plaintiff made a gross salary of $38,000.04. Plaintiff's overtime rate for 2017 is $27.40.

19. For the first eleven (11) months of 2018, Plaintiff remained as Defendant's assistant.

20. Thereafter, Defendant hired a new assistant, Elena Pendergrass ("Ms. Pendergrass"). Plaintiff, at Defendant's direction, began teaching Ms. Pendergrass how to serve as Defendant's assistant.

21. Plaintiff made a gross salary of $54,042.00 in 2018. Thus, Plaintiff's overtime rate for 2018 was $38.97.

22. Beginning on or about January 1, 2019, Plaintiff transitioned from being Defendant's assistant to be a full-time government relations professional. Plaintiff was tasked with monitoring legislation and maintaining client portfolios under Defendant's supervision.

23. Despite a change in Plaintiff's job duties, Plaintiff did not receive a new title. Moreover, Plaintiff was not granted the ability to use independent discretion and judgment. To the contrary, Defendant prevented Plaintiff from discussing contract pricing and service with clients. Defendant and Ms. Campbell handled such matters.

24. Plaintiff made a gross salary of $19,358 during the four months that she worked at DTA in 2019.

25. Plaintiff's employment for Defendant ended on April 2, 2019.

26. From May 1, 2016 through April 2, 2019, Plaintiff worked an average of at least fifty-five hours per week. Thus, Plaintiff worked almost 2,000 hours overtime hours without being compensated.

27. Defendant was aware, or should have been aware, that the law required Defendant to pay non-exempt employees, including Plaintiff, overtime wages for all work-hours Defendant suffered or permitted in excess of forty (40) hours per week.

28. Despite repeated demands that Defendant compensate Plaintiff for her overtime hours, Defendant continues to refuse.

## COUNT I

**(Violation of FLSA Overtime Requirements)**

29.     Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-28 of the Complaint as if fully stated herein.

30.     Defendant did not properly compensate Plaintiff for all hours Defendant required her to work and/or all hours which Defendant permitted Plaintiff to work with the actual or constructive knowledge of Defendant.

31.     Defendant willfully required Plaintiff to work in excess of forty (40) hours during the workweek and/or "suffered or permitted" such overtime work.

32.     Defendant did not pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in each workweek (i.e., overtime hours worked) from May 1, 2016 through April 2, 2019.

33.     Based on Plaintiff's overtime premiums of $21.69, $27.40, $38.97 and $45.36 per hour and Plaintiff's at least 1,110 overtime hours in the last twenty-four months, Plaintiff is owed at least $43,748.40 for the last twenty-four months.

34.     By reason of the foregoing, Plaintiff has been damaged and is due unpaid overtime wages in the amount of $46,200.00 and the same amount in liquidated damages, as well as reasonable attorney's fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

## COUNT II

### (Violation of DCMWA Overtime Requirements)

35.     Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-34 of the Complaint as if fully stated herein.

36.     Defendant did not properly compensate Plaintiff for all hours Defendant required her to work and/or all hours which Defendant permitted Plaintiff to work with the actual or constructive knowledge of Defendant.

37. Defendant willfully required Plaintiff to work in excess of forty (40) hours during the workweek and/or "suffered or permitted" such overtime work.

38. Defendant did not pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in each workweek (i.e., overtime hours worked) from May 1, 2016 through April 2, 2019.

39. Based on Plaintiff's overtime premiums of $21.69, $27.40, $38.97 and $45.36 per hour and Plaintiff's at least 1,860 overtime hours in the last thirty-six months, Plaintiff is owed at least $62,534.80 for the last thirty-six months.

40. By reason of the foregoing, Plaintiff has been damaged and is due unpaid overtime wages in the amount of $62,534.80 and liquidated damages equaling three times the amount of unpaid wages, as well as reasonable attorney's fees, interest, expenses, and costs under D.C. Code § 32-1308(a)(1)(A) et seq.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Amanda La Joie, respectfully requests the following relief against the defendant, David Turch:

a. Plaintiff's unpaid wages under the FLSA in the amount of $46,200.00, or such amount as may be proven at trial;

b. Liquidated damages under the FLSA in the amount of $46,200.00, or such amount as may be proven at trial;

c. Plaintiff's attorney's fees in this matter, including those recoverable under 29 U.S.C. § 216;

d. Plaintiff's unpaid wages under the DCMWA for the past thirty-six months in the amount of $62,534.80, or such amount as may be proven at trial;

e. Liquidated damages under the DCMWA in the amount of $187,604.40, or such amount as may be proven at trial;

f. Plaintiff's attorney's fees in this matter;

g. Plaintiff's costs in this matter; and

h. Pre-and post-judgment interest at the highest applicable legal or statutory rate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted,

_____
John C. Cook, (Bar # 421528)
Broderick C. Dunn, (admission pending)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
jcook@cookcraig.com
bdunn@cookcraig.com
*Counsel for Plaintiff*